IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:06-CR-00201-W |
| | ) | |
| OSCAR MARTINEZ-RAMIREZ | ) | |

**<u>ORDER ON MOTIONS</u>**

On September 13, 2006, the defendant's counsel filed a motion to withdraw. (doc. # 19) The court held a hearing on this motion on September 19, 2006. For the reasons discussed in open court, it is

ORDERED that the motion to withdraw be and is hereby DENIED.

On August 30, 2006 the defendant filed a motion for continuance in this case. (doc. # 16) Upon consideration of the motion, and with the concurrence of the District Judge assigned to this case, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant only recently received all of the discovery in this case which includes twelve audio tapes, each lasting one hour. The court finds that the defendant under the present trial schedule will be unable to adequately and effectively prepare for trial. In addition, the government disclosed at the hearing on September 19, 2006, that the parties were actively engaged in proffer discussions which likely will not be concluded by the time of trial. Thus, the government does not oppose a continuance. For these reasons, the court finds that the ends of justice served by taking continuing this case outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED that the motion for a continuance is due to be and is hereby GRANTED. It is further

ORDERED as follows:

1. That this case be and is hereby continued for jury selection on and trial during the term beginning on January 8, 2007.

2.  That this case be and is hereby set for a pretrial conference on November 13, 2006, at 3:00 p.m. in Courtroom 4B, United States Courthouse, One Church Street, Montgomery, Alabama.

3.  All applicable deadlines contained in the prior arraignment order and pretrial order are adjusted accordingly; provided, however, that the deadline for the filing of pretrial, dispositive motions is not extended.

Done this 19th day of September, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE